# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYON K. CHAMP,** #1100250125, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19-cv-00345-NJR |
| vs. | ) ) |
| **CHERYL SIMMON, and DEPARTMENT OF SOCIAL SERVICES,** | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Byron Champ, a pretrial detainee held at the Winnebago County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights arising from events that occurred during his time at Chester Mental Health Center ("Chester"). He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges the following: Cheryl Simmon is the Coordinator for Unit Three Module and is responsible for all mail at Chester. (Doc. 1, p. 4). On July 6, 2018, Plaintiff's mail was received "unduly, tainted, exp[loi]ted, disarray, disorderly." *Id.* One of the letters he received from Simmon sent by the United States District Court for the Northern District of Illinois had been opened and taped. *Id.* p. 5. When she handed Plaintiff the letter, Simmon said that it had been opened "before here." *Id.* p. 8. Plaintiff claims that his constitutional rights have been violated because legal mail is to be opened in the presence of a detainee. *Id.* p. 4.

## PRELIMINARY DISMISSALS

Plaintiff names the Department of Social Services as a defendant, but makes no allegations against the Department in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Department of Social Services is dismissed from the complaint without prejudice.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims in this case into the following three Counts:

**Count 1**: First Amendment and privacy violation claim against Cheryl Simmon for the opening of Plaintiff's legal mail.

> **Count 2:** Fourteenth Amendment violation claim against Cheryl Simmon for the opening of Plaintiff's legal mail.
>
> **Count 3:** Fifth and Eleventh Amendment violation claim.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

"An inmate has the right under the First Amendment to send and receive mail. . .but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman v. McCaughtry,* 419 F.3d 678, 686 (7th Cir. 2005) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974) and *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999)). This can include official mail sent to an inmate by a court clerk. The Seventh Circuit has explained, "prison employees can open official mail sent by a court clerk to an inmate without infringing on any privacy right." *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996). However, "[t]o ensure adequate access to the courts,[2] an inmate has the right to have 'legal' mail —mail designated as correspondence with an attorney—. . . opened in his presence." *Harrison v. County of Cook, Ill.,* 364 F. App'x 250, 252 (7th Cir. 2010) (citing *Kaufman*, 419 F.3d at 686). Not every letter from a law office or the court qualifies as privileged legal communication to be opened in

---

[1] *Bell Atlantic Corp.,* 550 U.S. at 570 (2007).
[2] The Seventh Circuit has clarified that, because a confidential communication with a lawyer is aimed to win a case rather than to enrich the marketplace of ideas, it is "more straightforward" to view an interference with legal mail claim as infringing on the right of access to the courts as opposed to the right of free speech. *Guajardo-Palma*, 622 F.3d 801 at 801, 803 (prison official reading mail to or from prisoners who sue them "is like a litigant's eavesdropping on conferences between his opponent and the opponent's lawyer."); s*ee also Delgado v. Godinez*, 683 F. App'x 528, 529 (7th Cir. 2017).

the presence of the inmate. *See Guajardo-Palma v. Martinson,* 622 F.3d 801, 805-806 (7th Cir. 2010); *Harrison* 364 F. App'x at 253; *Martin v. Brewer,* 830 F.2d 76, 78 (7th Cir. 1987) (mail from a court is considered public record, and is not in the same category as correspondence between an inmate and an attorney).

To maintain a claim for denial of access to the courts based on the improperly opening of, or interference with privileged legal mail, a plaintiff must demonstrate some hindrance to his ability to prosecute a meritorious legal claim. No constitutional claim is stated unless the element of prejudice is met. *See Guajardo-Palma*, 622 F.3d at 805-806. A general policy or practice of opening and reading may be sufficient to show hinderance. *Id.* Isolated incidents of interference with legal mail, however, are generally insufficient to maintain a claim. *See Bruscino v. Carlson,* 654 F.Supp. 609, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988).

Plaintiff claims that his constitutional rights were violated because a letter from the United States District Court of the Northern District of Illinois was opened outside his presence. Plaintiff fails to provide sufficient information for this claim. Plaintiff does not allege that the letter was a privileged correspondence from the court or that because the letter was opened his case was hindered in some way. It is also unclear from the allegations whether Plaintiff is claiming that Simmon was the one who opened the letter, as he only states that she handed it to him and told him that the letter had been previously opened. Furthermore, the claim that she is responsible for the mail as part of her duties at Chester does not allege personal responsibility, which is required for a constitutional claim under Section 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Accordingly, Count 1 will be dismissed for failure to state a claim.

**Count 2**

Plaintiff asserts that the interference with his mail violated his Fourteenth Amendment rights. To the extent that he is arguing that his right of access to the courts was denied without due process, his claim fails because he has not alleged any hindrance to a legal claim as discussed above. To the extent that he is arguing that he was denied his legal mail without due process, his claim also fails because the Seventh Circuit has found that Illinois provides an adequate property post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999). Count 2 will be dismissed.

**Count 3**

Plaintiff also appears to be alleging that his rights under the Eleventh and Fifth Amendments were violated, but he provides no additional supporting details. Because "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)," *Palda v. General Dynamic Corp.,* 47 F.3d 872, 875 (7th Cir. 1995); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999), Count 3 is dismissed without prejudice.

### LEAVE TO AMEND

Plaintiff's Complaint does not survive preliminary review and shall be dismissed. He will have an opportunity to re-plead his claims in a First Amended Complaint, however, if he wishes to proceed any further with this action. When preparing a First Amended Complaint, Plaintiff should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights.

### DISPOSITION

**IT IS ORDERED** that the Complaint (including **COUNTS 1**, **2,** and **3**) shall be

**DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **CHERYL SIMMON** and **DEPARTMENT OF SOCIAL SERVICES** are **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 15, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00345-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 17, 2019**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**