IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BRYON K. CHAMP, | ) |
| #B39776, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-00345-NJR |
| | ) |
| CHERYL SIMMON, and | ) |
| CARRIES MORRIS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Byron Champ, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, commenced this civil rights action pursuant to 42 U.S.C. § 1983, while he was a pretrial detainee held at the Winnebago County Jail. He claims deprivations of his constitutional rights arising from events that occurred during his time at Chester Mental Health Center ("Chester"). He seeks monetary damages.

Plaintiff's First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## THE FIRST AMENDED COMPLAINT

Plaintiff alleges the following: Cheryl Simmon is the Coordinator for Unit Three Module and is responsible for all mail at Chester. (Doc. 11, p. 1, 9, 15). On May 23, 2018, he received a letter from a district court that Simmon opened with Plaintiff present. A few days later, he received another letter from the same district court that had been previously opened not in his presence, resealed with tape and in "disarray." *Id.* at p. 7, 9, 10. When Plaintiff asked why the letter was sealed with tape, Simmon responded that the letter might have been sent like that. *Id.* at 10. Plaintiff called the clerk of the district court who told him that the court does not send mail that has been taped. *Id.* at pp. 7, 9, 10, 13.

Plaintiff filed grievances regarding the mishandling of his mail with his therapist, Carries Morris, but he never received a response. (Doc. 11, p. 2). He believes that Morris did not file his grievances and hindered his ability to seek redress because he never heard back or was scheduled an appointment or hearing. *Id.* at pp. 2, 6, 14.

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the claims in this case into the following six Counts:

- **Count 1**: First Amendment and Fourteenth Amendment claim against Simmon for opening Plaintiff's legal mail without him being present.

- **Count 2**: Fourth Amendment right to privacy claim against Simmon for opening Plaintiff's legal mail without him being present.

- **Count 3**: Fourteenth Amendment due process claim against Simmon for opening Plaintiff's legal mail without him being present.

- **Count 4**: Illinois state law claim under 405 ILCS 5/2-103 and the Chester Mental Health Center Patient Handbook against Simmon for opening Plaintiff's mail without him being present.

> **Count 5:** Fourteenth Amendment due process claim against Morris for mishandling and failing to process Plaintiff's grievances regarding his legal mail.
>
> **Count 6:** First Amendment access to the courts claim against Morris and Simmons for the mishandling of Plaintiff's legal documents and property box.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### PRELIMINARY DISMISSAL

Plaintiff makes several claims that are not associated with a specific defendant or supported by factual details. "A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)," *Palda v. General Dynamic Corp.*, 47 F.3d 872, 875 (7th Cir. 1995); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999). As such, his claims regarding violations of his equal protection rights (Doc. 11, p. 6), and rights under the Eleventh and Fifth Amendments, (*Id.* at p. 11), are dismissed.

In the middle of the First Amended Complaint, Plaintiff also gives an account of dates and times in March 2019, regarding the mishandling of legal mail. Not only are these claims not associated with any individual or named defendant, but these events seem to have occurred while Plaintiff was not at Chester, and so these claims are also dismissed.[2] *See Twombly,* 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

---

[1] *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 570 (2007).
[2] *See Bova v. U.S. Bank, N.A.*, 446 F.Supp.2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). At the time Plaintiff filed his original Complaint in this action on March 25, 2019, and a complaint in another federal lawsuit on March 5, 2019, his address is listed as Winnebago County Jail. *See Champ v. Forcum,* No. 19-cv-00263-SMY (S.D. Ill. Mar. 5, 2019) (Doc. 2).

**Count 1**

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir.1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). An inmate's legal mail, that is "mail designated as correspondence with an attorney," *Harrison v. Cty. of Cook. Ill.,* 364 F. App'x 250, 252 (7th Cir. 2010), is entitled to greater protections because of the potential for interference with his right of access to the courts.[3] *Rowe,* 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. *See Wolff*, 418 U.S. at 577; *Castillo v. Cook Cty. Mail Room Dep't,* 990 F.2d 304, 305–06 (7th Cir.1993).

Plaintiff claims that his constitutional rights were violated because his "legal mail," a letter from a district court, was opened outside of his presence. He claims that the letter was confidential and clearly marked that it was from the district court. (Doc. 11, pp. 6, 7). Although Plaintiff refers to the letter as legal mail and confidential, such correspondence is considered a public document, and, unlike correspondence with an attorney, it does not constitute legal mail or implicate an inmate's right to confidential lawyer-client communication. *Antonelli v. Sheahan,* 81 F.3d 1422, 1431 (7th Cir. 1996) ("prison officials can open official mail sent by a court clerk to an inmate without infringing on any privacy right"); *Martin v. Brewer,* 830 F.2d 76, 78 (7th Cir. 1987) ("with

---

[3]Although Plaintiff repeatedly characterizes his claim as a violation of his right to free speech, the Seventh Circuit has clarified that, because a confidential communication with a lawyer is aimed to win a case rather than to enrich the marketplace of ideas, it is "more straightforward" to view an interference with legal mail claim as infringing on the right of access to the courts as opposed to the right of free speech. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 801, 803 (7th Cir. 2010) (prison official reading mail to or from prisoners who sue them "is like a litigant's eavesdropping on conferences between his opponent and the opponent's lawyer."); *see also Delgado v. Godinez*, 683 F. App'x 528, 529 (7th Cir. 2017).

minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files").

Plaintiff also has not shown that the opening of the letter from the district court prejudiced or hindered his ability to pursue a legal claim or defense, and so he has not demonstrated a denial of access to the courts. *Guajardo-Palma,* 622 F.3d at 805-06.

Plaintiff alleges that the "sheer number of legal letter[s] to him that were opened out of his presence" is evidence of a practice of opening legal mail. (Doc. 11, p. 8). A general policy or practice of opening and reading mail may be sufficient to show hindrance. *Guajardo-Palma,* 622 F.3d at 805-06. He does not, however, include any allegations regarding these occurrences at Chester, and to the contrary, he provides several instances where his legal mail was opened with him present. *Id.* at p. 9. Not only are "naked assertions devoid of further factual enhancement" are insufficient to state a claim, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted), but isolated incidents of interference with legal mail are generally also insufficient to maintain a claim. *See Bruscino v. Carlson,* 654 F.Supp. 609, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988).

For these reasons, Plaintiff has failed to show how the opening of the letter from the district court violated his First Amendment rights, and Count 1 is dismissed.

## Count 2

Plaintiff claims that his right to privacy under the Fourth Amendment has been violated because his private legal mail was opened not in his presence. (Doc. 11, pp. 6, 11). A prisoner has no reasonable expectation of privacy under the Fourth Amendment while incarcerated. *See Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984); *Smith v. Clendenin,* No 16-cv-664-MJR, 2016 WL

5243032, at * 7 (S.D. Ill. Sept. 22, 2016). A prisoner's right to send and receive mail is protected under the First Amendment, as previously discussed, and so Count 2 shall be dismissed.

### Count 3

Plaintiff asserts that the opening of his legal mail also violated his Fourteenth Amendment rights. As stated in the initial merit review order (Doc. 9, p. 5), to the extent that he is arguing that his right of access to the courts was denied without due process, his claim fails because he has not alleged any hindrance to a legal claim. To the extent he was denied his legal mail without due process, this claim also fails because the Seventh Circuit has found that Illinois provides an adequate property post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999). Count 3 will be dismissed.

### Count 4

Plaintiff brings claims against Simmon for opening his mail in violation of Illinois statutory law and Chester handbook regulations. Illinois courts have recognized that prison regulations were "*never* intended to confer rights on inmates or serve as a basis for constitutional claims[,]" *Ashley v. Snyder,* 316 Ill. App. 3d 1252, 1258 (Ill. App. Ct. 2000), and a statutory or administrative code violation does not translate into a constitutional violation upon which a civil rights claim may rest. Additionally, a federal court does not enforce state law and regulations. *See Pasiewicz v. Lake Cty. Forest Preserve Dist.* 270 F.3d 520, 526 (7th Cir. 2001); *Gujardo-Palma,* 622 F.3d at 806. Therefore, Count 4 is dismissed.

### Count 5

Plaintiff claims that Morris hindered his ability to seek redress for the issues regarding his legal mail because he was never provided a hearing and his grievances were ignored. (Doc. 11, p. 6). Inmates do not, however, have a constitutional right to an effective grievance procedure.

*Antonelli,* 81 F.3d at 1430. As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Additionally, the failure of prison officials to follow their own procedures also does not, standing alone, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992). Count 5 is dismissed.

**Count 6**

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). In order to state a claim for denial of access to the courts, a prisoner must first show that a prison official deprived him of legal materials or assistance. *See Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992). Secondly, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn v. Holmes,* 364 F.3d 862, 868 (7th Cir. 2004). The plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma*, 622 F.3d at 805-06.

Plaintiff's claims regarding access to courts because of acts by Simmons and Morris are unclear and confusing. At one point he states he had a court date for May 2, 2018, and he was "hinder[ed] from this court date" and could not appear. (Doc. 11, pp. 14, 16). He also states that Morris did not arrange the "court date to go through" and that she lied about making the appointment. *Id.* at pp. 13, 14. He alleges that he requested that Morris add a copy of a letter to his

7

other legal documents in his property box and that he was prohibited from "retaining this letter." He received a copy of the letter from an attorney named, Stacy Aschermann, but then states he could not get the letter from the property box to send to the judge in his case. *Id.* at pp. 2, 14.

Plaintiff has failed to plainly state how Defendants' actions caused him to miss his court date, and it is unclear if he even had a court date. Given the confusion, Count 5 is dismissed, but the Court will allow Plaintiff a final opportunity to clarify his claim. In the amended complaint, Plaintiff should state what each Defendant did or failed to do that hindered his ability to pursue a legal claim.

## DISPOSITION

**IT IS ORDERED** that the First Amended Complaint (including **COUNTS 1**, **2**, **3**, **4**, **5,** and **6**) shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **October 25, 2019**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 19-cv-00345-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces previous complaints, rendering the previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 4, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**