IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON K. CHAMP, #B39776, <br><br> Plaintiff, <br><br> v. <br><br> CHERYL SIMMON, NAGESUTARARAO VALLABHANNI, CARRIE MORRIS, RIHANNA DRAPER, SHIRLEY FORCUM, WAYNE WOMAC, and LAURIE IROSE, <br><br> Defendants. | Case No. 19-cv-00345-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Byron Champ, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, commenced this civil rights action pursuant to 42 U.S.C. § 1983, while he was a pretrial detainee held at the Winnebago County Jail. He claims deprivations of his constitutional rights arising from events that occurred during his time at Chester Mental Health Center ("Chester"). He seeks monetary damages.

Champ's Second Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).

---

[1] The Court dismissed the original Complaint and First Amended Complaint for failure to state a claim. (Docs. 9, 14). Champ was granted a final opportunity to clarify his claims and file a Second Amended Complaint.

Page 1 of 8

Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE SECOND AMENDED COMPLAINT

Champ alleges the following: After he arrived at Chester, on April 16, 2018, he showed his assigned therapist, Carrie Morris, a sheet stating that he had a civil court date schedules. (Doc. 19, p. 8). She told Champ that she placed a copy of the document in his file and that she would schedule the court date. (*Id.*). At some point, he received notice that his court date had changed, and Morris told Champ she would arrange for him to attend the new court date of May 2, 2018, but he was never sent to court and missed the hearing. (*Id.*; Doc. 19-1, pp. 4-5). On August 6, 2018, Wayne Womac, the coordinator forensic transfer, told Champ that Morris never scheduled a court date with him. (Doc. 19, p. 9). When Champ spoke again with Morris, she also lied and said that she talked with the court clerk and that Womac was scheduling the court date. (Doc. 19-1, pp. 22-23).

On July 6, 2018, he received legal mail from a district court that had been opened and retaped. (Doc. 19, p. 8; Doc. 19-1, pp. 16, 20). On July 19, 2018, he was told by Dr. Vallabhanni, Unit Director Shirley Forcum, and Morris that he could not do any legal work or receive anymore copies. (Doc. 19, p. 8).

Champ was also denied access to his property box to access his legal documents by Morris, Simmon, and Draper. (*Id.*, at pp. 9-10). Finally, he claims he was denied access

to the law library at Chester and assistance in the preparation and filing of legal papers. (*Id.* at p. 11; Doc. 19-1, pp. 10, 14).

## DISCUSSION

Based on the allegations in the Second Amended Complaint, the Court finds it convenient to divide the claims into the following six Counts:

**Count 1:** First Amendment denial of access to courts claim against Morris and Womac for hindering Champ's ability to attend a court hearing on May 2, 2018.

**Count 2:** First Amendment free speech claim for the opening of Champ's legal mail without him being present.

**Count 3:** Fourteenth Amendment due process claim against Forcum, Irose, and Morris for the mishandling of Champ's grievances.

**Count 4:** First Amendment claim against Morris, Forcum, Simmon, Dr. Vallabhanni, Draper, Irose, and Womac for retaliating against Champ by interfering in his litigations and legal work.

**Count 5:** First Amendment denial of access to courts claim against Morris, Forcum, Simmon, Dr. Vallabhanni, Draper, Irose, and Womac.

**Count 6:** Fourteenth Amendment due process claim against Morris, Forcum, Simmon, Irose, Dr. Vallabhanni, Draper, and Womac for deprivation of property.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Second Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading**

---

[2] *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 570 (2007). This includes claims of discrimination and equal protection and Sixth Amendment violations. In the Second Amended Complaint, Champ states that he was deprived of his rights protected by the Sixth Amendment and denied equal protection under the laws, but offers no additional facts to support these claims. (Doc. 19-1, pp. 8, 12).

**standard.**

**Counts 1 and 2**

The Court must dismiss Count 1 without prejudice as duplicative of Champ's claim in an earlier suit *Champ v. Chester License Facility*, No. 18-cv-1986-SMY, 2019 WL 366191 (S.D. Ill., Sept. 26, 2018). Federal courts may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in . . . federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). The determination is discretionary, and district courts are given latitude to exercise that discretion, but generally, a suit will be considered duplicative if the claims, parties, and relief requested do not significantly vary between the actions. *McReynolds v. Merrill Lynch Co. Inc.*, 694 F.3d 873, 888-89 (7th Cir. 2012). Defendant Carrie Morris is a defendant in *Champ v. Chester License Facility*, where Champ claims that she hindered his ability to attend a court hearing on May 2, 2018. *See Champ v. Chester License Facility*, No. 18-cv-1986-MAB (Doc. 1, p. 8, Complaint). Defendant Wayne Womac was also a defendant in *Champ v. Chester License Facility*, but the Court dismissed him without prejudice because Champ failed to allege that Womac engaged in conduct that deprived Champ of his constitutional rights. *Champ v. Chester License Facility*, No. 18-cv-1986-MAB, 2019 WL 366191, at *3 (S.D. Ill., Sept. 26, 2018). Because Count 1 is duplicative to claims in a previously filed case, Count 1 shall be dismissed without prejudice.

Similarly, Champ claimed that his legal mail was opened on one occasion outside of his presence and resealed with tape not only in *Champ v. Chester License Facility*, but also in *Champ v. Forcum*, No. 19-cv-00026-SMY, 2019 WL 1239309, at *3 (S.D. Ill., Mar. 18,

2019). In both cases, his claims were dismissed without prejudice. The Court finds, therefore, that Count 2 is also duplicative to claims previously filed and shall be dismissed.

### Count 3

Champ claims he sent grievances about his legal mail being opened not in his presence and the failure to schedule his court date. (Doc. 19, p. 9; Doc. 19-1, pp. 16, 22). It took over a month for the grievances to be processed and institutional policy provides that grievances should be processed in five days. (*Id.*). Inmates do not, however, have a constitutional right to an effective grievance procedure. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the fact that prison officials denied, mishandled, or refused to consider grievances or claims raised by grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Additionally, the failure of prison officials to follow their own procedures also does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Count 3 will be dismissed.

### Count 4

Champ's claims that Morris, Forcum, Simmon, Dr. Vallabhanni, Draper, Irose, and Womac have interfered with his litigation and ability to conduct legal work in retaliation for filing lawsuits. (Doc. 19-1, pp. 8, 22, 23). This claim shall survive screening against Morris, Forcum, Simmon, Dr. Vallabhanni, Draper, and Womac.

Champ also claims that Irose is liable because she signed off on papers. (Doc. 19, p. 11, Doc. 19-1, p. 14). This does not constitute personal involvement sufficient to sustain liability, and so Count 4 shall be dismissed against Irose. *See Owens v. Hinsley*, 635 F.3d

950, 953 (7th Cir. 2011).

## Count 5

Champs claims that he was denied access to his legal property and to the law library, denied assistance with legal work, and prohibited from doing legal work. (Doc. 19, pp. 8, 9, 10; Doc. 19-1, p. 2). Champ does not, however, state how a legal claim was prejudiced or identify the underlying claim that was lost by Defendants' alleged conduct. *See Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Therefore, Count 5 will be dismissed without prejudice.[3]

## Count 6

Count 6 will be dismissed, as the Seventh Circuit has found that Illinois provides an adequate remedy in an action for damages in the Illinois Court of Claims for the deprivation of property. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8); *Stewart v. McGinnis*, 5 F.3d 1031, 1035–36 (7th Cir. 1993).

### EXHIBITS

Along with the Second Amended Complaint, Champ included documents that he asks the Court to file in another civil case pending in this district. The Clerk of Court will be directed to file pages 26-36 of Doc. 19-1 as a Supplement in Case No. 19-cv-0096-SMY.

### DISPOSITION

For the reasons set forth above, the Second Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 4** shall proceed against Morris, Forcum, Simmon, Dr. Vallabhanni, Draper, and Womac, but is **DISMISSED** without

---

[3] The Court notes this claim also appears to be similar to claims that were dismissed without prejudice in *Champ v. Forcum,* No. 19-cv-00026-SMY, 2019 WL 1239309 (S.D. Ill., Mar. 18, 2019).

prejudice against Irose. **Counts 1, 2, 3, 5,** and **6** are **DISMISSED** without prejudice. Because there are no further claims against Laurie Irose, she is **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to **TERMINATE** her as a defendant in Case Management/Electronic Court Filing ("CM/ECF") system. The Clerk of Court is further **DIRECTED** to file pages 26-36 of Doc. 19-1 as a Supplement in Case No. 19-cv-0096-SMY.

The Clerk of Court shall prepare for **Morris, Forcum, Simmon, Dr. Vallabhanni, Draper,** and **Womac**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 19) and this Memorandum and Order to Defendants' place of employment as identified by Champ. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Champ, and the judgment includes the payment of costs under § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.

*See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Champ is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   February 6, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Champ is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Champ need not submit any evidence to the Court at his time, unless otherwise directed by the Court.