IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYON K. CHAMP, #B39776,<br><br>    Plaintiff,<br><br>v.<br><br>CHERYL SIMMON,<br>CARRIE MORRIS,<br>SHIRLEY FORCUM,<br>RHIANA DRAPER,[1]<br>NAGESUTARARAO VALLABHANNI,<br>and<br>WAYNE WOMAC,<br><br>    Defendants. | Case No. 19-cv-00345-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion to set aside default judgment filed by Rhiana Draper (Doc. 62). On May 7, 2020, a waiver of service was issued on Plaintiff Champ's Second Amended Complaint to Rhiana Draper (Doc. 37). Draper returned the waiver on May 28, 2020, and her Answer was due on July 6, 2020 (Doc. 45). She failed to file an Answer. Champ filed a Motion for Entry of Default against Draper on July 10, 2020 (Doc. 53). The Court granted the motion and directed that default be entered against Draper (Doc. 56). Champ filed motions for default judgment against Draper on July 15, 2020, and July 17, 2020. Draper filed the pending motion to set aside the default on July 20, 2020 (Doc. 62).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must

---

[1] The Clerk of Court is directed to correct the docket to reflect the proper name of Defendant Draper as identified in the Motion to Set Aside Default (Doc. 62):  Rhiana Draper.

show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express*, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Draper has met the standard for vacating the entry of default. Specifically, she has shown good cause because she states that she sought counsel when she returned the waiver of service; however, the request was not received by the Office of the Attorney General at that time. She claims that her request for representation was further delayed from reaching the Office of the Attorney General due to issues with communications caused by the COVID-19 pandemic. Draper acted quickly to resolve the issue because counsel entered her appearance and filed the motion to set aside default only a few days after default was entered by the Clerk. Draper is reviewing the merits of the case and requests additional time to review the allegations and file a responsive pleading.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Draper has met the requirements of Rule 55(c) and **GRANTS** the Motion to Set Aside Default Judgment (Doc. 62). The Entry of Default (Doc. 57) is **VACATED**. The motions for default judgment (Docs. 58, 61, 64) filed by Champ are **DENIED**. Draper is **GRANTED** leave to file an answer to the Second Amended Complaint by **September 3, 2020**.

**IT IS SO ORDERED.**

DATED:   July 21, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**